IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY YOUELL,

        Plaintiff,

vs.                                                No. CIV 04-1396 JB/WDS

FNU RUSSEL,
A Correctional Officer at
Roswell Correctional Center,
Individually,

FNU RICHARDSON,
A Correctional Officer at
Roswell Correctional Center,
Individually, and

JOHN OR JANE DOE 1,
A Correctional Officer at
Roswell Correctional Center,
Individually,

JOHN OR JANE DOE 2,
A Correctional Officer at
Roswell Correctional Center,
Individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for an Extension of Time in Which to Effectuate Service on Defendants, filed September 30, 2005 (Doc. 6)("Second Motion for an Extension"). The primary issue is whether the Plaintiff, Gay Youell, has shown good cause why he has not served the Defendants within 120 days of filing his Complaint. Because Youell has shown good cause, the Court will not dismiss his Complaint, but will give him an additional thirty days to

serve the Defendants.

## PROCEDURAL BACKGROUND

Youell filed this action on December 15, 2004 (Doc. 1). On February 15, 2005, Youell filed a Notice of Amendment, see Doc. 2, and amended his Complaint to terminate John Doe Defendant Nos. 3, see First Amended Complaint (Doc. 3), as well as to add Defendants Russell and Richardson, see id. Youell added Russell and Richardson as soon as he learned their last names. See First Motion for an Extension of Time in Which to Effectuate Service on Defendants at 1, filed June 6, 2005 (Doc. 4). When Youell filed his Amended Complaint, he did not know the first names of Russell and Richardson. See id.

Youell represents that his attorney retained a private investigator to assist him in identifying and locating the Defendants. See Second Motion for an Extension ¶ 4, at 1-2. The investigator identified the Defendants' first names, but also learned that Roswell Correctional Center no longer employs the Defendants. See id. The Roswell Correctional Center released the Defendants' last known addresses. See id.

When, however, Youell attempted to serve the Defendants at the addresses that the Roswell Correctional Center had provided, his process server discovered the address for Richardson did not exist and that Russell did not reside at the address given for him. See id. Youell did not have any known current address for either Defendant, see id., and does not currently know where to locate Russell and Richardson, see id. ¶¶ 4, 6, 7, 10, at 2-3.

Youell moves the Court to enter an order extending the deadline for service of all Defendants for an additional thirty days. Because Youell has not been able to locate the Defendants, he does not know if counsel represents the Defendants, and he is not able to contact opposing counsel to determine opposing counsel's position on this motion. See id. at ¶ 4, at 2.

## **RULE 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure provides that,

> if the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be affected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

## **ANALYSIS**

The present delay in serving the Defendants is unfortunate, but the delay is not the product of inattention nor a failure to act on Youell's or his attorney's part.  The delay is the result of the difficulty that Youell's counsel has faced identifying the officers on duty at the time that Youell was allegedly attacked, and then locating them.  The efforts that Youell's counsel has expended, as well as his investigator's attempts, to locate the Defendants have not yet yielded concrete information.

These grounds constitute good cause for the delay and demonstrate Youell's diligence in attempting to effectuate service.  Youell has made a good-faith effort to identify and serve the Defendants.  Youell is attempting, in good faith, to locate the Defendants.

In addition, the delay is not reasonably attributable to Youell.  The Court finds that good cause exists for Youell's failure to make service on the named Defendants within 120 days.  Good cause exists for the Court to extend the time for service for an appropriate period.

**IT IS ORDERED** that the Plaintiff's Motion for Extension of Time in Which to Effectuate Service on Defendants is granted and the Court permits the Plaintiff an additional thirty days to effect service on the Defendants.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Joe M. Romero, Jr.
Albuquerque, New Mexico

    *Attorney for the Plaintiff*