# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GARY YOUELL,

       Plaintiff,

vs.                                                              No. CIV 04-1396 JB/WDS

FNU RUSSELL,
A Correctional Officer at
Roswell Correctional Center,
Individually,

FNU RICHARDSON,
A Correctional Officer at
Roswell Correctional Center
Individually,

JOHN OR JANE DOE 1,
A Correctional Officer at
Roswell Correctional Center,
Individually,

JOHN OR JANE DOE 2,
A Correctional Officer at
Roswell Correctional Center,
Individually,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File His Second

Amended Complaint, filed August 14, 2006 (Doc. 13)("Motion").   The primary issue is whether the

Court should permit Plaintiff Gary Youell to amend his complaint to identify the Defendants by their

proper names and to remove the unidentified John/Jane Doe Defendants.  Because no sound reason

exists to deny Youell leave to amend his complaint, the Court will grant his motion to amend.

## PROCEDURAL BACKGROUND

On December 15, 2004, Youell initiated this action under 42 U.S.C. § 1983, invoking the Court's federal question jurisdiction.  See Complaint for Civil Rights Violations at 1-2, filed December 15, 2004 (Doc. 1)("Complaint").  Youell's original civil rights case was against John or Jane Doe 1, John or Jane Doe 2, and John or Jane Doe 3, correctional officers at Roswell Correctional Center, individually.  See Complaint at 1.

On February 15, 2005, Youell filed a Notice that he was filing his First Amended Complaint. See Notice of First Amended Complaint, filed February 15, 2005 (Doc. 2).  The First Amended Complaint terminated John or Jane Doe 3, and added FNU Russell, a correctional officer at Roswell Correctional Center, individually, and FNU Richardson, a correctional officer at Roswell Correctional Center, individually.  See Plaintiff's First Amended Complaint for Civil Rights Violations at 1-3, filed February 15, 2005 (Doc. 3).  The First Amended Complaint's returns of service indicate that service was executed on Russell on October 6, 2005, see Charles David Russell Summons in a Civil Action, filed November 15, 2005 (Doc. 9), and on Richardson on November 17, 2005, see Michael Richardson Summons in a Civil Action, filed November 17, 2005 (Doc. 10).

On August 14, 2006, Youell filed this motion, requesting the Court's leave to amend his complaint to identify the Defendants by their proper names and to remove the unidentified John/Jane Doe Defendants.  See Motion at 1-2.  Youell attaches the proposed Second Amended Complaint to his motion.  See Motion, Plaintiff's Second Amended Complaint for Civil Rights Violations.  Also on August 14, 2006, Youell mailed his motion to Defendant Charles David Russell at 1104 W. Deming, Roswell, New Mexico 88203 and to Defendant Michael Richardson at 3 Luminatia, Los Lunas, New Mexico 87031.  See Motion at 2.

It is unknown whether the pro se Defendants Richardson and Russell oppose the motion, as they have not entered their appearances in this action or presented a defense.  Richardson and Russell have not filed any response to Youell's motion.

## LAW REGARDING MOTIONS FOR LEAVE TO AMEND

Leave to amend a complaint should be freely given when justice so requires.  See Fed. R. Civ. P. 15(a).  Rule 15 of the Federal Rules of Civil Procedure states that, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Id.  While courts should consider several factors in determining whether to grant leave to amend a complaint, the standard the moving party must meet is easily reached.  In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court of the United States stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Id. at 182.  See McGoffin v. Sun Oil Co., 539 F.2d 1245, 1248 (10th Cir. 1976)(stating "leave to amend should be freely granted")(citing Polin v. Dunn & Bradstreet, Inc., 511 F.2d 875 (10th Cir. 1975)(quoting Foman v. Davis 371 U.S. at 182)).

## ANALYSIS

At the outset, the Court notes that, pursuant to Local Rule 7.1(b), the failure of Richardson and Russell to file and serve any response in opposition to Youell's motion to amend constitutes consent to the Court's granting of that motion.  See D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M.LR-Civ. 7.6(a) ("A response must be served within

fourteen (14) calendar days after service of the motion.").  While Richardson and Russell can thus be deemed to have consented to Youell's motion, because they are proceeding pro se and have not done anything so far to protect their interests, the Court has independently reviewed the motion to amend to see if it should be granted.  The Court finds that it should.

There is no just reason why the Court should not allow Youell to amend his complaint.  First, there has been no "undue delay" in moving to amend.  See Foman v. Davis, 371 U.S. at 182.  It is early in the case; Richardson and Russell have yet to file any briefing.  Moreover, Youell seeks simply to amend his complaint based on his identification of the Defendants by first and last names, and to remove the remaining John/Jane Doe Defendants.  See Motion at 1-2.

There is no indication that Youell's motion to amend is premised on  "bad faith or dilatory motive."  Foman v. Davis, 371 U.S. at 182.  Rather, Youell seeks to appropriately identify the persons against whom he is asserting his cause of action.  See Motion at 1-2.  There has also not been a "repeated failure to cure deficiencies by amendments previously allowed."  Foman v. Davis, 371 U.S. at 182.  As it stands now, there is no indication or suggestion that Youell's complaint is deficient.  His proposed amendments, rather than curing any noted or alleged deficiencies, serve to clarify and simplify the case.

Moreover, Richardson and Russell will not suffer "undue prejudice" if the Court permits Youell to amend his complaint.  Id.  The amendments that Youell proposes will not change the factual bases of his claims.  See Motion at 1-2.  Again, Youell seeks to add to his complaint only the proper names of Richardson and Russell and to remove the remaining John/Jane Doe Defendants against whom he does not intend to proceed in this action.  See id.

Youell's proposed amendments will not unduly increase discovery, delay the trial of this

-4-

matter, or surprise Richardson or Russell.  See Foman v. Davis, 371 U.S. at 182 (listing factors courts should consider when determining whether to grant leave to amend complaints).  They will, however, further clarify and formalize the case.  Finally, there is no indication that Youell's proposed amendment is futile.  See id.

The Court can find no reason why it should prevent Youell from amending his complaint; the Court will grant Youell's motion.

**IT IS ORDERED** that the Plaintiff's Motion for Leave to File His Second Amended Complaint is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties*:

Joe M. Romero, Jr.
Albuquerque, New Mexico

     *Attorney for the Plaintiff*

Charles David Russell
Roswell, New Mexico

     *Defendant pro se*

Michael Richardson
Los Lunas, New Mexico

     *Defendant pro se*